IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HUTCHINS BBQ, LLC, HUTCHINS BBQ CATERING CO., LLC, AND TIMOTHY M. HUTCHINS, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:23-cv-49 |
| v. | § § | |
| WESLEY HUTCHINS AND ROY HUTCHINS, | § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Hutchins BBQ, LLC, Hutchins BBQ Catering Co., LLC, and Timothy M. Hutchins (hereafter collectively the "Plaintiffs" or "Hutchins BBQ"), file this Original Complaint against defendants Wesley Hutchins and Roy Hutchins (hereafter collectively the "Defendants") and allege as follows:

### NATURE OF THE CASE

1. This is a trademark infringement and unfair competition action brought under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.* and Texas common law. Hutchins BBQ seeks monetary and injunctive relief against the Defendants for knowing and willful infringement of Hutchins BBQ's rights in its well-known Hutchins Barbecue trademarks.

### PARTIES

2. Plaintiff Hutchins BBQ, LLC is a Texas limited liability company having a principal place of business at 1301 North Tennessee Street, McKinney, TX 75069. The members of Hutchins BBQ, LLC reside in and are domiciled in the State of Texas.

3. Plaintiff Hutchins BBQ Catering Co., LLC is a Texas limited liability company

having a principal place of business at 1301 North Tennessee Street, McKinney, TX 75069. The members of Hutchins Catering Co., LLC reside in and are domiciled in the State of Texas.

4.      Plaintiff Timothy Mark Hutchins is an individual residing in and domiciled in Collin County, Texas. He may be served at his principal place of business, located at 1301 North Tennessee Street, McKinney, TX 75069.

5.      Defendant Wesley Hutchins is an individual residing in and domiciled in Collin County, Texas. He may be served at his residence located at 6304 Avalon Woods Drive, McKinney, TX 75072.

6.      Defendant Roy Hutchins is an individual residing in and domiciled in Collin County, Texas. He may be served at his residence located at 1320 Camino Real, Fairview, TX 75069.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. §§ 1121, 1125(a) and 28 U.S.C. §§ 1338(a), 1338(b). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8.      The Court has personal jurisdiction over the Defendants in this action and personal jurisdiction is proper before this Court pursuant to 18 U.S.C. § 1965(a). As this Complaint describes, all other allegations of which are incorporated into this jurisdictional section by reference as if fully set forth herein, the Defendants reside in and are domiciled in the State of Texas and this district. The Defendants further have engaged in conduct within this district to develop and promote a restaurant business under the name "Hutchins Barbeque." The Hutchins Barbeque name and logo are established, federally registered trademarks of the Plaintiffs. The Defendants' actions in Texas give rise to the causes of action asserted herein including by way of

specific example and not of limitation violations of the Plaintiffs' trademarks.  Accordingly, the Defendants are subject to general and specific personal jurisdiction in this Court.

9.       Venue is further proper in this district pursuant to 28 U.S.C. § 1391 because the Plaintiffs are being harmed in this district, the Defendants are doing business in this district, and the wrongful acts complained of have occurred in this district.

## FACTS

10.      Consumers and pundits alike have long recognized Hutchins BBQ as one of Texas', and even the United States', top barbeque restaurants.  As early as June 2013, Texas Monthly named Hutchins BBQ one of its "50 Best BBQ Joints in the World."  Business Insider followed in July 2016 by naming Hutchins BBQ one of its "50 Best BBQ Joints in America."  *See* Exhibit 1 (Declaration of Timothy Hutchins); Exhibit 2 (Texas Monthly Article); Exhibit 3 (Business Insider Article). In 2020, Hutchins BBQ earned the highly sought-after Dallas Morning News "Readers' Choice the Best in DFW" award for the "Best BBQ", beating out countless competitors across three rounds of voting and over 60,000 votes. *See* Exhibit 4 (DMN Article). These consumers' votes also earned Hutchins BBQ a Certificate of Congressional Recognition, signed by United States Congressman Van Taylor on September 17, 2020. *See* Exhibit 5 (Congressional Certificate).

Additional examples of Hutchins BBQ's myriad awards and recognitions include:

**Thrillist**[1] – 25 Best BBQ Joints in Dallas, According to Local Pitmasters (2022)
**Dallas Observer** – Top 100 Places to Eat in Dallas (2022)
**Texas Monthly** – The 50 Best BBQ Joints in Texas (October 2021)
**Forbes** – "Hutchins BBQ is one of the best in Texas" (April 2020)
**O Magazine** – Featured on the "O List" (August 2019)
**Food Network** – Featured on "Best Places to Eat"
**D Magazine** – The Best Barbecue in Dallas (August 2016)[2]

---

[1] Thrillist is a New York-based digital media company that offers "nonstop coverage of food, drink, travel and local culture." Thrillist has been ranked the #1 travel content publisher in terms of digital reach, with over thirty (30) million unique visitors to its website each month and over two (2) million recipients of its daily emails.
[2] Attached as Exhibits 6–12, respectively.

11.     Even as recently as November 9, 2022, the travel site Far & Wide[3] named Hutchins BBQ one of the "24 Best BBQ Joints" in the United States and dubbed Hutchins BBQ the list's "Most Legendary Joint." *See* Exhibit 13 (Far & Wide Article).

12.     In fact, Hutchins BBQ has reached such a level of notoriety that it has expanded its business in recent years to offer certain of its products via shipping nationwide. Specifically, Hutchins BBQ offers its smoked beef brisket, as well as its sauces and seasonings, through its online website to customers across the country. *See* Exhibit 14 (Website Storefront Image). Also available online is a variety of apparel and other merchandise bearing the Hutchins BBQ trademarks and logo. *Id.* Having received countless awards and accolades over the years, Hutchins BBQ ranks among the most well-known and highly rated barbecue restaurants not only in Texas, but across the country.

13.     Hutchins BBQ's longstanding success and notoriety in Texas and throughout the United States has created a number of protected trademarks. For example, Hutchins BBQ has used the names "Hutchins BBQ," "Hutchins Barbeque," and "Hutchins Barbecue" for the operation of barbeque restaurants and the sale of barbeque products to consumers continually from at least 2002 to the present. Hutchins BBQ has maintained and promoted those terms in various ways including by way of example and not of limitation through word of mouth, marketing/advertising materials, on the internet, through its website, through social media, and via participation in various community and culinary events. Each one constitutes a valid and enforceable trademark. Hutchins BBQ's logo likewise constitutes a valid and enforceable trademark.

14.     To further protect Hutchins BBQ's rights, in January 2020, Plaintiff Timothy

---

[3] Far & Wide is one of five brands operated by California media company Big Edition and provides travel content regarding destinations all over the world. On average, Big Edition reports reaching roughly five (5) million readers per month on its website and nearly thirty (30) million on social media.

Hutchins applied for (and was granted) federal trademark registration of both the Hutchins Barbeque name and its logo. *See* Exhibits 15, 16 (Trademark Applications – Name, Logo). On August 11, 2020 and October 27, 2020, respectively, the Hutchins Barbeque name and logo were officially registered with the United States Patent and Trademark Office (hereafter the "USPTO"). *See* Exhibits 17, 18 (Registration Certificates – Name, Logo). Thus, the Hutchins Barbeque name and logo are federally registered trademarks belonging to Timothy Hutchins. The term Hutchins Barbeque qualifies as both a suggestive and a descriptive trademark term.

15.     Furthermore, as reflected within the federal trademark registration certificates, the USPTO has affirmatively found that the name Hutchins Barbeque has acquired secondary meaning through its longstanding use by Hutchins BBQ, thus warranting a finding of Section 2(f) eligibility. *See* Exhibit 17. Specifically, the USPTO found that the Hutchins Barbeque name has become distinctive of Hutchins BBQ's goods and services because of its substantially exclusive and continuous use of the mark in commerce for at least the five (5) years immediately preceding the date of the registration application (in this case, said continuous use has been ongoing for closer to twenty (20) years preceding the application).

16.     Importantly, consumers have associated the Hutchins Barbeque name with only one source—Hutchins BBQ—throughout the mark's over twenty (20) years of continual use by the Plaintiffs. During that time, Hutchins BBQ has enjoyed growing success and has developed an impressive reputation among consumers and pundits alike.

17.     Now that Hutchins BBQ has achieved such local and national notoriety, others are improperly trying to profit from its achievements and its recognized trademarks.  Hutchins BBQ's success is largely due to the efforts of its primary owner and operator, Timothy Hutchins.  Timothy Hutchins literally grew up in a barbeque restaurant.  Timothy Hutchins' father, Roy Hutchins,

opened his first restaurant, "Roy's Smokehouse," in 1978. Roy's family even spent about a year living in his first restaurant, before eventually moving into a house next door to that original restaurant. From a very young age, Timothy Hutchins was raised in this environment and began working at the restaurant in 1994 when he was about 13 years old.

18.     Throughout the 1990s, different members of the Hutchins family operated a number of barbeque restaurants under several names.  Roy Hutchins and his son Wesley Hutchins (Timothy Hutchins' older brother) opted to name their locations in Frisco and Greenville, Texas "Randy White's Barbeque." In contrast, Timothy Hutchins has always operated his restaurant in McKinney, Texas as Hutchins Barbeque. *See* Exhibit 1 (Declaration of Timothy Hutchins).

*19.*     Over the years, Roy and Wesley have revealed themselves to be quite inept at operating barbeque restaurants. In terms of the barbeque, they failed to produce a consistent, quality product, which unsurprisingly caused sales to suffer.  With respect to the business side of their operations, they proved similarly incapable, failing to properly manage the restaurants' expenses, including their tax obligations to the Texas Comptroller. Eventually, in or about 2002, all of the company assets (along with its significant liabilities) were placed into Timothy Hutchins' name. *Id.*

20.     After that transition, Defendants Roy and Wesley Hutchins effectively cut ties with Timothy Hutchins' business. Roy Hutchins entered retirement while Wesley Hutchins developed a severe drug addiction and committed a number of crimes, including the third degree felony offense of stalking, for which he served prison time from 2007 to 2008. After Wesley's release from prison, Roy Hutchins wanted the family to back a new restaurant for Wesley to operate. Timothy Hutchins was not involved with the Randy White's operations, but Tracy Hutchins—who operated the only other Randy White's restaurant at the time—was very opposed to the idea. *Id.*

Tellingly, Tracy's fear was that Wesley's restaurant would surely be a failure, thus posing a major risk to the good name and reputation that Tracy had built with respect to his own Randy White's restaurant. Nonetheless, Roy procured the financing to help Wesley open a new Randy White's in Mesquite, Texas. *Id.* By early 2012, however, it had become clear that Wesley Hutchins simply is not capable of running a successful restaurant.

21.     In fact, apparently unbeknownst to the buyers, Wesley had been failing to make various critical payments leading up to the sale, resulting in the restaurant accruing a significant debt of overdue rent and utilities payments; not to mention a substantial amount of delinquent property taxes.   As a result of this and other significant issues stemming from Wesley's involvement in the restaurant, the buyers ultimately brought legal action against him, culminating in an agreement that Wesley would no longer have any "interest in, or [be] a member of, or have any connection whatsoever in and to" the restaurant. *See* Exhibit 19 (DC-12-05964 Agreement).

22.     Meanwhile, Timothy Hutchins, on the other hand, spent this time exploring new methods of cooking and working to improve his barbeque offerings.   Beginning in about 2009, Timothy Hutchins began a tour of Texas' most acclaimed barbeque restaurants, during which he befriended and learned from the best pitmasters in the business.   Timothy Hutchins saw that the industry was moving more toward craft, high-quality barbeque and decided that Hutchins Barbeque would follow suit.   Roy Hutchins called him "crazy."   Texas loved him.

23.     Beginning in 2011, Timothy Hutchins radically changed his offerings.   Hutchins BBQ found a new meat supplier to provide higher quality meats. *See* Exhibit 1. Timothy Hutchins started implementing the cooking techniques he had spent years developing and updated his restaurant's vegetable recipes. While Roy Hutchins continued to dismiss these "dumb" changes, Texas Monthly applauded them, naming Hutchins BBQ one of the Top 50 in the world. *Id.*

24.     Since that time, Hutchins BBQ has continued to excel under Timothy Hutchins' leadership, earning countless accolades and developing a devoted and ever-expanding customer base. Now, in the wake of their own repeated failures, Roy and Wesley Hutchins want to come in and capitalize on Timothy Hutchins' success.  Namely, Hutchins BBQ has recently learned that Defendants Roy and Wesley Hutchins are working to open their own, competing "Hutchins Barbeque" restaurant in North Texas.  In doing so, they are intentionally copying and trading upon Hutchins BBQ's established trademarks and goodwill.

25.     In furtherance of these efforts, the Defendants have, among other actions: held themselves out as operating under the Hutchins Barbeque name; raised investment funds under that name; commissioned signage and architectural plans bearing the Hutchins Barbecue trademarks; and developed a "new" logo which conspicuously features the Hutchins Barbeque trademarks. *See* Exhibit 20 (Wayne White Statement); Exhibit 21 (Signage Photos); Exhibit 22 (Architectural Plans); and Exhibit 23 (Texts Re: "New" Logo). Moreover, video and eyewitness evidence confirm that Roy Hutchins has been entering Hutchins BBQ locations to film and record the restaurants' design, layout, and operations. *See* Exhibit 24 (Surveillance Photos). These efforts have resulted in Defendants' deliberate copying of Hutchins BBQ's signage, logo, and design. Each of these actions were specifically designed and intended to falsely suggest an association between the Defendants' venture and the legitimate Hutchins BBQ, so as to enable Defendants to unlawfully profit from Hutchins BBQ's good reputation and established trademarks.

26.     For example, Defendants hired Hutchins BBQ's own signage vendor, seeking to duplicate their signage. *See* Exhibit 1.  D-Sign by Wilo is a longstanding, established vendor of the legitimate Hutchins BBQ. The Defendants ordered a "Hutchins Barbeque" sign that almost identically copied the Plaintiffs'. In fact, the designs were so similar that even this longstanding

vendor mistakenly believed that the Defendants' order was placed on the legitimate Hutchins BBQ's behalf. *Id.*

27.     This blatant copying not only infringes Hutchins BBQ's trademarks, but it also demonstrates actual confusion in the market.  Defendants' order not only bore Plaintiffs' federally registered trademarks, but further embodied an overwhelming similarity to the look and feel of the signage routinely ordered and used by the legitimate Hutchins BBQ. *See* Exhibit 21. The similarities were so significant that they resulted in actual confusion on the part of an experienced business associate of Hutchins BBQ, who was deceived into believing that the false product originated from the rightful trademark holder.

28.     As another example, the Defendants have sought and obtained architectural plans for their contemplated competing barbeque restaurant, which explicitly bear the label "Hutchins BBQ" and copy Hutchins BBQ's overall structure, design, and layout:



Exhibit 22. The Defendants' brazen copying of Hutchins BBQ's restaurant designs does not even attempt to modify or distinguish their deliberate use of Hutchins Barbeque in their architectural plans. Just as with the signage they commissioned, preparing these architectural plans is not only likely to cause confusion, but is specifically *intended* to do so. By conspicuously labeling their restaurant plan with the Hutchins Barbeque trademark, followed by the contemplated restaurant

address, the Defendants seek to suggest that their contemplated competing business is a new location of the existing, well-respected Hutchins BBQ and thereby profit off its reputation.

29.     Furthermore, Defendants' purportedly "new" logo is, in fact, a copy of the legitimate Hutchins BBQ's logo in virtually every aspect, including the trademarked Hutchins Barbeque name and service mark.  As described on its federal registration certificate, the Hutchins Barbeque service mark "consists of the words 'HUTCHINS BARBEQUE' superimposed upon an oval with the words 'MADE IN TEXAS' AND 'EST. 1978' written below, with a pictorial representation of the state of Texas in between the words 'MADE IN TEXAS' and 'EST. 1978.'" *See* Exhibit 18. Tellingly, the Defendants' "new" logo likewise consists of the words "Hutchins Barbeque" superimposed upon an oval with the words "Made in Texas" and the words "Est. 1978".

**Hutchins BBQ's registered service mark:**          **Defendants' infringing "new" logo:**

     

30.     Namely, as reflected above, there are only two discrete differences between the federally registered Hutchins Barbeque service mark and the Defendants' "new" logo. First, instead of a small state of Texas image with a star in the center, the Defendants' infringing logo uses only a star. Second, the infringing logo adds the term "the original". *See id.* Neither of these minor adjustments, however, distinguishes this "new" logo from the legitimate Hutchins BBQ service mark. Rather, any use of the Defendants' contemplated logo would undoubtedly cause confusion with the legitimate Hutchins BBQ, just as Defendants surely intended.

31.     Importantly, the addition of the term "the original" in some or all of Defendants'

materials does not negate the infringement, but rather increases the likelihood of confusion among consumers. That term affirmatively suggests to the public that the Defendants' business is not a new or independent venture, but rather that the Defendants are, in fact, associated with the *existing*, *long-standing* Hutchins BBQ. Similarly, the inclusion of the term "Est. 1978" on the infringing logo further compounds the harmful and damaging impact of the Defendants' unlawful conduct by misleading the consumer into believing that the Defendants' business is not a new endeavor, but rather is part of a preexisting business operation. It is plainly untrue and misleading to describe the Defendants' new endeavor as something dating back to 1978. This is merely another targeted effort to conflate the Defendants' infringing operation with the legitimate Hutchins BBQ (whose registered service mark clearly bears the term "Est. 1978"). *See* Exhibit 18.

32.     The inclusion of the terms "the original" and/or "Est. 1978" are thus nothing more than deliberate, willful attempts to affirmatively mislead consumers into believing that an association exists between the Defendants and the legitimate Hutchins BBQ.

33.     As yet another example, Defendants have recently adopted the "Hutchins BBQ" name in public filings. On or about December 8, 2022, the Defendants (either alone or in concert with an individual named Robert Romano) filed a registration with the Texas Department of Licensing and Regulation under the "Project Name: Hutchins BBQ" for a facility to be named "Hutchins BBQ" in Trophy Club, Texas.  *See* Exhibit 25 (TDLR Filing).  Already, this filing has prompted various news outlets to incorrectly associate the Defendants' restaurant with the actual Hutchins BBQ.

34.     For example, What Now Dallas issued an article on December 9, 2022 entitled "Hutchins BBQ Adding Trophy Club Spot," incorrectly claiming that said "Hutchins BBQ has two locations in operation – one in Frisco and one in McKinney." *See* Exhibit 26 (What Now

Dallas Article). In fact, it is the actual Hutchins BBQ which has those locations, not the imposters who filed the permitting request regarding the new "Trophy Club Spot." *Id.* This article represents precisely the type of actual confusion which Defendants intended—the improper association of the Defendants' startup venture with the legitimate Hutchins BBQ's established name and reputation.

35.     Other news outlets have likewise reached the wrong conclusion, leading to further confusion even among consumers. For instance, at least one consumer has revealed her confusion via a post on the popular restaurant review site www.yelp.com, discussing said "new location" of Hutchins BBQ. *See* Exhibit 27 (Yelp Review Re: New Location).

36.     As detailed above, the Defendants' unabashed use of the Hutchins Barbeque name and logo intentionally violates Hutchins BBQ's trademarks, including its federally registered trademarks, and deliberately deceives the public. Moreover, the Defendants have infringed the trademarks willfully and despite notice of the marks.

37.     The Defendants have been aware of the marks through their long association with Timothy Hutchins and his restaurants. Indeed, Defendant Wesley Hutchins frequently mentions and/or refers to the trademarks in his various text message communications. *See* Exhibit 28 (Text Messages Re: Trademarks). Further, Defendants are charged with notice of the marks that have been federally registered. Even more recently, Defendants were explicitly notified of the marks' protected status and informed of the infringing nature of their conduct on or about November 8, 2022, when Hutchins BBQ's counsel sent correspondence directing them to immediately cease and desist the offending conduct. *See* Exhibit 29 (Cease and Desist Letter). Tellingly, this did not deter Defendants from their unlawful and infringing activities.

38.     The Defendants' infringement on Hutchins BBQ's intellectual property is patently

willful and deliberate.  The Defendants not only know of the intellectual property rights, but they have also meticulously worked to capture and copy every aspect of Hutchins BBQ's business model, from the menu design to the restaurant layout. Quite literally, Defendant Roy Hutchins has, on more than one occasion, entered the premises of the Hutchins Barbeque McKinney and Frisco locations and each time proceeded to slowly make his way around the entire restaurant, openly filming and/or photographing the various aspects of the restaurant's design. *See* Exhibit 30 (Employee Statements). Concerned employees have, at times, documented this behavior by writing up summaries of the incidents and preserving surveillance camera footage depicting his recording sessions. *See id.*; Exhibit 24. This conduct unambiguously constitutes a clear and intentional effort to collect detailed information regarding all aspects of Hutchins BBQ's business model for use in the Defendants' competing barbeque restaurants, in direct violation of the Hutchins BBQ trademarks.

39.     Indeed, Defendant Wesley Hutchins frequently refers to, and even brags about, the new locations which he and Defendant Roy Hutchins are planning to open, namely locations in Frisco and McKinney—locations, of course, which just so happen to be the existing locations of the legitimate Hutchins Barbeque restaurants:

> "Now I'm glad I signed on property today !! To build **new store in frisco** !! Listen I told dad this is 100 up to you and Tim !!"

> "Now I will work on **property for mckinney** !! I will restore the family business the right way !! Once I humble you both down and make a fool of you !!"

*See* Exhibit 31 (Text Messages Re: New Stores) (emphasis added).

40.     In fact, Defendant Wesley Hutchins has even solicited current employees of Hutchins BBQ to compete with Hutchins BBQ.  On various occasions, he has regaled Hutchins BBQ employees with his plans to open a Southlake, Texas restaurant; has openly shown and promoted his "new" logo (described *supra*); and has even informed them that he and Defendant

Roy Hutchins were onto something big and may soon be able to pay as much as 40% more than Hutchins BBQ, should said employee wish to join "the winning team." *See* Exhibit 20. In short, it appears that Defendants have left no stone unturned in the course of their methodical, targeted efforts to capture and replicate every aspect of Hutchins BBQ's trademarks and reputation, from the logo to the interior design, even all the way down to the actual employees.

41.     Ultimately, the clearest evidence of Defendants' intent comes from their very own words. For instance, Defendant Wesley Hutchins has explained on numerous occasions that the Defendants are pursuing their current infringing business venture because of "what [Tracy] and Tim ha[ve] done to him," *i.e.,* not giving him a one third ownership interest in Hutchins BBQ:

> "This is **100% going forward because of what you and Tim has done to me** !!!"
>
> "**Tracy you and Tim made a huge mistake by not giving me my 33 ownership** !!! I begged y'all to do the right thing !! You both refused !!"
>
> "[T]his **whole new business deal was born because you and Tim refused to do the right Thing** !!! Look what else was I suppose to do !!! **Y'all cut my money off** cut my insurance !!"

*See* Exhibit 32 (Text Messages Re: The "Right Thing") (emphasis added). Defendants' unauthorized use of the Hutchins Barbecue trademarks is intentionally calculated to and highly likely to cause confusion, mistake, and deception as to the source of Defendants' products and services.  Such unauthorized use is also likely to falsely suggest a sponsorship, connection, or association between Defendants, their products, services, and/or commercial activities, and the legitimate Hutchins BBQ and its federally registered trademarks.

42.     Indeed, Defendants' use of Hutchins BBQ's trademarks has already caused actual confusion in the market.

43.     Defendants' unauthorized use of the Hutchins Barbecue trademarks has damaged and irreparably injured Hutchins BBQ, and if permitted to continue, will further damage and irreparably injure Hutchins BBQ's reputation and goodwill associated with its trademarks, and

will further harm the public interest in being free from confusion.  Particularly where, as here, there is a well-documented record of Defendants' inability to successfully operate a restaurant, the risk of harm stemming from the improper association between Defendants' venture and the legitimate Hutchins BBQ cannot be understated.

44.     Defendants' actions described herein have caused irreparable injury to Hutchins BBQ's business, reputation, goodwill, and rights in the Hutchins Barbeque trademarks. If not enjoined, Defendants' actions will continue to cause further irreparable harm.

45.     Hutchins BBQ has no adequate remedy at law.

## COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATIONS OF ORIGIN, AND UNFAIR COMPETITION UNDER THE LANHAM ACT - 15 U.S.C. §§ 1114, 1125(a)

46.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

47.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, their products, and/or their commercial activities by or with Hutchins BBQ and its Hutchins Barbeque trademarks and thus constitute trademark infringement, false designations of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a).

48.     The Defendants' actions have harmed Hutchins BBQ. Hutchins BBQ has suffered irreparable harm as a result of the Defendants' actions, and will continue to suffer further irreparable harm if Defendants are not enjoined.

## COUNT 2 – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW

49.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

50.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, their products,

and/or their commercial activities by or with Hutchins BBQ and its Hutchins Barbeque trademarks and thus constitute common-law trademark infringement, misappropriation of Hutchins BBQ's goodwill in the Hutchins Barbeque marks, and unfair competition in Texas, and violate Texas common law.

51.     These actions have harmed Hutchins BBQ. Hutchins BBQ has suffered irreparable harm because of the Defendants' actions and will continue to suffer further irreparable harm if the Defendants are not enjoined.

## COUNT 3 – FEDERAL TRADEMARK DILUTION
## UNDER THE LANHAM ACT – 15 U.S.C. § 1125

52.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

53.     Hutchins BBQ's Hutchins Barbeque trademarks are famous marks that are distinctive both inherently and through acquired distinctiveness.

54.     The Defendants' actions described herein, including the deliberate use of the Hutchins Barbeque marks, began after Hutchins BBQ's marks had become famous.

55.     The Defendants' use of the Hutchins Barbeque marks in commerce is likely to cause, and has caused, dilution by blurring and/or tarnishing of Hutchins BBQ's federally registered trademarks in violation of 15 U.S.C. § 1125(c).

56.     The foregoing acts of the Defendants were willfully intended to trade on Hutchins BBQ's good reputation and to cause dilution of the famous Hutchins Barbeque trademarks.

57.     These actions have harmed Hutchins BBQ. Hutchins BBQ has suffered irreparable harm because of the Defendants' actions and will continue to suffer further irreparable harm if the Defendants are not enjoined.

## COUNT 4 – INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION
## UNDER TEXAS LAW – TEXAS BUSINESS & COMMERCE CODE § 16.103

58. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

59. Hutchins BBQ's Hutchins Barbeque trademarks are famous marks that are distinctive both inherently and through acquired distinctiveness in the state of Texas.

60. The Defendants' actions described herein, including the deliberate use of the Hutchins Barbeque marks, began after the Hutchins BBQ trademarks had become famous.

61. The Defendants' use of the Hutchins Barbeque trademarks in commerce is likely to cause, and has caused, dilution by blurring and/or tarnishing of Hutchins BBQ's established trademarks in violation of Texas Business and Commerce Code § 16.103.

62. The foregoing acts of the Defendants were willfully intended to trade on Hutchins BBQ's good reputation and to cause dilution of the famous Hutchins Barbeque trademarks.

63. These actions have harmed Hutchins BBQ. Hutchins BBQ has suffered irreparable harm because of the Defendants' actions and will continue to suffer further irreparable harm if the Defendants are not enjoined.

## COUNT 5 – UNJUST ENRICHMENT
## UNDER TEXAS COMMON LAW

64. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

65. Defendants have been unjustly enriched through the receipt of monies resulting from the unlawful use of Hutchins BBQ's established trademarks in connection with a competing, infringing restaurant business.

66. The Defendants' receipt of monies came, and continue to come, through their active efforts to improperly adopt and use the infringing marks in connection with their competing and infringing restaurant venture, to the detriment of Hutchins BBQ's rights in and to its established

Hutchins Barbeque trademarks.

67.     The Defendants' profiting through their infringement is knowing, willful, and intentional and continues to occur notwithstanding actual and constructive notice to them of Hutchins BBQ's federally protected rights in the Hutchins Barbeque trademarks.

68.     Defendants have unjustly enriched themselves to the detriment of Hutchins BBQ.

69.     These actions have harmed Hutchins BBQ. Hutchins BBQ has suffered irreparable harm because of the Defendants' actions and will continue to suffer further irreparable harm if the Defendants are not enjoined.

### COUNT 6 – DECLARATORY RELIEF

70.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

71.     Defendants have employed and continue to employ the Hutchins Barbeque name, logo, and related marketing.  The Hutchins Barbeque name and logo are federally registered trademarks belonging to Hutchins BBQ.  The Defendants' improper conduct has created an immediate and tangible dispute concerning the ownership and use of that name and service mark.

72.     Accordingly, Hutchins BBQ requests declarations from this Court that:

    a.  The term "Hutchins Barbeque" to include "Hutchins Barbecue" and "Hutchins BBQ," and its corresponding service mark are protected trademarks belonging to Hutchins BBQ;

    b.  Defendants' use of the term "Hutchins Barbeque," to include "Hutchins Barbecue" and "Hutchins BBQ," and/or the corresponding service mark has violated, and continues to violate, Hutchins BBQ's trademarks;

    c.  Defendants' use of the terms "the Original Hutchins Barbeque," "the Original Hutchins Barbecue," "the Original Hutchins BBQ" "the Original Hutchins Barbeque, Est. 1978," "the Original Hutchins Barbecue, Est. 1978," "the Original Hutchins BBQ, Est. 1978," or any similar combination of Hutchins BBQ's trademarks and the terms "the Original" and/or "Est. 1978" with respect to a barbeque restaurant has violated and continues to violate Hutchins BBQ's trademarks; and

73.     Hutchins BBQ is entitled to recover attorneys' fees pursuant to Texas Civil Practice

and Remedies Code § 37.009.

## JURY DEMAND

74.     Pursuant to Federal Rule of Civil Procedure 38(b), Hutchins BBQ requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

75.     For these reasons, Plaintiffs ask that the Court award a judgment against Defendants and in the Plaintiffs' favor for each of the foregoing causes of action and to award all relief to which the Plaintiffs are entitled, including, but not limited to, the following:

a.      An order declaring the items requested in Count 6 *supra*;

b.      A permanent injunction enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principles, subsidiaries, related companies, affiliates, distributors, dealers, successors, and all persons in active concert or participation with any of them:

      i.      From using the Hutchins Barbeque name, the Hutchins Barbeque logo, and/or any other marks or names that are confusingly similar to Hutchins BBQ's Hutchins Barbeque marks, as part of a trademark, trade name, corporate name, business name, email address, domain name, URL, metatag, keyword, favicon, or other name, mark, or identifier;

      ii.     From using the Hutchins Barbecue trademarks or any other trademark that is confusingly similar to the Hutchins Barbeque trademarks, in any unauthorized manner including, but not limited to, in marketing and promotional materials, in social media, on web sites, on signage, on fixtures, on vehicles, on business cards or stationary, or otherwise; and

      iii.    From representing by any means whatsoever, directly or indirectly, that Defendants, any products or services offered by Defendants, or any activities undertaken by Defendants, are associated or connected in any way with Hutchins BBQ or the Hutchins Barbeque trademarks, or sponsored by or affiliated with Hutchins BBQ or its Hutchins Barbeque trademarks;

c.      An order directing Defendants to destroy all products, signage, advertisements, logos, menus, promotional materials, stationary, forms, electronic posts, electronic messages,

architectural plans, and/or any other materials and things (whether physical or electronic) that contain or bear the Hutchins Barbeque trademarks or any other marks or names that are confusingly similar to Hutchins BBQ's Hutchins Barbeque trademarks, including, but not limited to, any names or marks comprised of or containing the terms "Hutchins Barbeque," "Hutchins Barbecue," or "Hutchins BBQ," whether or not accompanied by the terms "the Original" and/or "Est. 1978," or any variations thereof;

     d.     An Order directing Defendants to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Plaintiffs' counsel a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 § U.S.C. § 1116;

     e.     An order requiring Defendants to pay Plaintiffs all available monetary damages including by way of example and not of limitation Defendants' profits, Plaintiffs' damages, and Plaintiffs' litigation expenses (including attorneys' fees, costs, and other recoverable expenses) pursuant to 15 U.S.C. § 1117 and any other applicable law;

     f.     Pre-judgment and post-judgment interest; and

     g.     All other relief to which Plaintiffs are entitled.

Respectfully submitted,


/s/ R. Ritch Roberts

**R. RITCH ROBERTS, III**
Texas Bar No. 24041794
The Law Offices of R. Ritch Roberts PLLC
Ross Tower
500 N. Akard Street, Suite 2150
Dallas, TX 75201
214.237.0900 telephone
214.237.0901 facsimile
roberts@rrobertslaw.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
214.720.4040 telephone
214.237.0905 facsimile
ahunt@hagoodhunt.com


**ATTORNEYS FOR PLAINTIFFS
HUTCHINS BBQ, LLC, HUTCHINS BBQ
CATERING CO., LLC, AND TIMOTHY
M. HUTCHINS**


## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2023, a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the U.S. District Court for the Eastern District of Texas to be served upon all counsel of record by the Court's electronic filing system.

/s/ Alexandra Hunt
**ALEXANDRA HUNT**