Filed
13 September 11 A10:16
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. 12-05964

| | | |
|---|---|---|
| APD BBQ, LLC, <br> DARRELL JACKSON, AND <br> MARSHALL ARMSTRONG <br><br> PLAINTIFFS <br><br> V. <br><br> MRW BBQ, LLC, H&H SMOKE, LLC, <br> WESLEY HUTCHINS, <br> TRACY HUTCHINS, AND <br> ROY HUTCHINS <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br><br><br> DALLAS COUNTY, TEXAS <br><br><br><br><br><br> 160TH JUDICIAL DISTRICT |

## SETTLEMENT AGREEMENT & MUTUAL RELEASE

This settlement agreement and mutual release ("Agreement") is made by Plaintiffs APD BBQ, LLC, and Darrell Jackson, (hereinafter "Plaintiffs"), and Defendants MRW BBQ, LLC, Wesley Hutchins, and Roy Hutchins, (hereinafter Defendants"), effective on September 3, 2013.

### RECITALS

1. Plaintiffs, APD BBQ, LLC, and Darrell Jackson, sued Defendants, MRW BBQ, LLC, Wesley Hutchins, and Roy Hutchins, for breach of contract, tortious interference with a business, and fraud, among other claims, in the above styled and numbered cause (the "Litigation"). The suit concerned a restaurant business that at one time was operated as Randy White's Hall of Fame Bar BQ Restaurant [or similar name], located at 19089 LBJ Freeway, Mesquite, Texas 75150 and was the subject of a certain Agreement For Purchase and Sale of Business, dated April 9, 2012. (the "Restaurant Business").

2. Defendants filed an answer to the suit and denied and continue to deny all the allegations made in the Litigation.

3. To avoid the uncertainties, annoyance, and expense of further litigation, the parties have agreed, without any party making any admission to any other party, to settle the disputes and controversies that are the subject of the Litigation.

4. On June 18, 2012, Plaintiffs Darrell Jackson and Marshall Armstrong assigned all of their right, title and interest in this Litigation to APD BBQ, LLC; accordingly, APD BBQ, LLC owns any causes of action Darrell Jackson and/or Marshall Armstrong would have had in this

Litigation.

5.  Further, Plaintiffs shall non-suit all claims against Defendants Tracy Hutchins and H&H Smoke, LLC at or about the time of filing the Notice of Dismissal.

## AGREEMENT & RELEASES

6.  Defendants, in consideration for the execution of the Agreement, agree to disavow, give-up, sell, gift, and/or assign all interest and/or membership, whether any such interest or membership ever existed or not, in APD BBQ, LLC and/or the Restaurant Business to Plaintiff APD BBQ, LLC. To be clear, Defendant Wesley Hutchins agrees and avers that he does not own, or have an interest in, or is a member of, or have any connection whatsoever in and to APD BBQ, LLC and/or the Restaurant Business. Further, to be clear, Defendant Roy Hutchins agrees and avers that he does not own, or have an interest in, or is a member of, or have any connection whatsoever in and to APD BBQ, LLC and/or the Restaurant Business. Further, to be clear, Defendant MRW BBQ, LLC agrees and avers that it does not own, or have an interest in, or is a member of, or have any connection whatsoever in and to APD BBQ, LLC and/or the Restaurant Business. If necessary, Defendants will sign/execute any documents requested by Plaintiffs to formally relinquish any rights by Defendants in APD BBQ, LLC or the Restaurant Business.

7.  Defendants, in consideration for the execution of the Agreement, forever releases, acquits, and discharges Plaintiffs, together with Plaintiffs Darrel Jackson and Marshall Armstrong's heirs, executors, administrators, legal representatives, successors, employees, agents, and assigns, and Plaintiff APD BBQ, LLC's officers, members, mangers, employees, agents, legal representatives, subsidiary organizations, parent organizations, successor companies, insurers, and assigns, and all other persons, firms, or corporations who might be liable, from all claims, demands or suits, known or unknown, fixed or contingent, liquidated or liquidated, whether solely, jointly, or otherwise, and whether or not currently asserted as of this date, and costs of court, including but not limited to attorney fees and causes of action of whatever nature, on any legal theory arising from the circumstances described in Plaintiffs' last live pleading, the ownership or operation of the Restaurant Business, or the ownership or membership in APD BBQ, LLC, and from all liability and damages of any kind arising from the events that gave rise to the Litigation, the ownership or operation of the Restaurant Business, or the ownership or membership in APD BBQ, LLC, whether in contract or in tort.

8.  Plaintiffs, in consideration for the execution of the Agreement by Defendants', agree to voluntarily dismiss the Litigation with prejudice by filing a Notice of Dismissal.

9.  Plaintiffs, in consideration for the execution of the Agreement by Defendants' forever releases, acquits, and discharges Defendants, together with Defendants' Wesley and Roy Hutchins' heirs, executors, administrators, legal representatives, successors, employees, agents, and assigns, and Defendant MRW BBQ, LLC's officers, members, managers, employees, agents, legal representatives, subsidiary organizations, parent organizations, successor companies, insurers, and assigns, and all other persons, firms, or corporations who

might be liable, from all claims, demands or suits, known or unknown, fixed or contingent, liquidated or liquidated, whether solely, jointly, or otherwise, and whether or not currently asserted as of this date, and costs of court, including but not limited to attorney fees and causes of action of whatever nature, on any legal theory arising from the circumstances described in Plaintiffs' last live pleading, the ownership or operation of the Restaurant Business, or the ownership or membership in APD BBQ, LLC, and from all liability and damages of any kind arising from the events that gave rise to the Litigation, the ownership or operation of the Restaurant Business, or the ownership or membership in APD BBQ, LLC, whether in contract or in tort.

10. Plaintiffs accept the consideration in full satisfaction of all damages or claims that are owed to them or that may be owed to them by Defendants. Plaintiffs understand this is a compromise and settlement of all matters alleged by Plaintiffs in their petition against Defendants.

11. Plaintiffs understand their acceptance of the consideration is in full accord and satisfaction of the claims made in the Litigation, and Defendants' consideration is not an admission of Defendants' liability.

12. In executing the Agreement, Plaintiffs acknowledge that they are not relying on any statement or representation of Defendants or any of their agents regarding the matters in dispute. Plaintiffs are relying on their own judgment and are represented by an attorney in this matter. Plaintiffs' attorney explained the contents of the Agreement to Plaintiffs and explained the legal consequences of the Agreement. Plaintiffs understand that the Agreement will operate as a full, complete, and final release and settlement of all claims in the Litigation.

13. Plaintiffs acknowledge that they read the Agreement and that it is a complete, written statement of the terms and conditions of the settlement. Plaintiffs sign the Agreement under their own free will and accord.

14. Defendants understand this is a compromise and settlement of all matters alleged by Plaintiffs in their petition against Defendants.

15. Defendants understand their consideration in giving up certain (possible) rights is in full accord and satisfaction of the claims made against them in the Litigation.

16. In executing the Agreement, Defendants acknowledge that they are not relying on any statement or representation of Plaintiffs or Plaintiffs' attorney or any of their agents regarding the matters in dispute. Defendants are relying on their own judgment and Defendants acknowledge that they may consult an attorney in this matter and whether they do so or not is their decision. Defendants have read the contents of the Agreement and Defendants understand the legal consequences of the Agreement. Defendants understand that the Agreement will operate as a full, complete, and final release and settlement of all claims in the Litigation, whether pled or unpled.

17. Defendants acknowledge that they read the Agreement and that it is a complete, written statement of the terms and conditions of the settlement. Defendants sign the Agreement under their own free will and accord.

18. Each party will be responsible for its own attorney fees and court costs.

### OTHER PROVISIONS

19. The Agreement reflects the entire agreement between the parties. There are no other agreements, either written or oral, and the execution of the Agreement supersedes all earlier representations, negotiations, or agreements about the Litigation.

20. The Agreement will be governed and construed by the laws of the State of Texas.

Executed on 4 of September, 2013.

AGREED TO BY:

_____
Plaintiff APD BBQ, LLC
Plaintiff APD BBQ, LLC as the assignee of Darrell Jackson
Plaintiff APD BBQ, LLC as the assignee of Marshall Armstrong
by APD BBQ, LLC's Manager Timothy Pannell


_____
Defendant Wesley Hutchins


_____
Defendant Roy Hutchins


_____
Defendant MRW BBQ, LLC
By its President/Manager Wesley Hutchins

17. Defendants acknowledge that they read the Agreement and that it is a complete, written statement of the terms and conditions of the settlement. Defendants sign the Agreement under their own free will and accord.

18. Each party will be responsible for its own attorney fees and court costs.

## OTHER PROVISIONS

19. The Agreement reflects the entire agreement between the parties. There are no other agreements, either written or oral, and the execution of the Agreement supersedes all earlier representations, negotiations, or agreements about the Litigation.

20. The Agreement will be governed and construed by the laws of the State of Texas.

Executed on __11__ of September, 2013.

**AGREED TO BY:**

_____
Plaintiff APD BBQ, LLC
Plaintiff APD BBQ, LLC as the assignee of Darrell Jackson
Plaintiff APD BBQ, LLC as the assignee of Marshall Armstrong
by APD BBQ, LLC's Manager Timothy Pannell

_____
Defendant Wesley Hutchins

_____
Defendant Roy Hutchins

_____
Defendant MRW BBQ, LLC
By its President/Manager Wesley Hutchins